UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWEL E. DYER,<br><br>   Plaintiff,<br><br>  v.<br><br>TIMOTHY PEARCE, et al.,<br><br>   Defendants. | Case No. 17-cv-02640-JD<br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS** |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 that was dismissed at screening. Plaintiff filed an appeal with the Ninth Circuit and the case has been referred back to this Court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue or whether the appeal is frivolous or taken in bad faith.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). However, even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff presented many allegations concerning his detention in county jail. He stated he was refused medical treatment, he was denied access to the courts and the water in the facility was harming him. The complaint was dismissed with leave to amend because plaintiff failed to identify the actions of specific defendants and how his constitutional rights were violated. Plaintiff filed an amended complaint that presented additional information regarding the medical care claim but he also presented many unrelated claims against approximately 25 other defendants. The amended complaint was dismissed with leave to amend. Plaintiff was informed the he could not proceed with so many unrelated claims against so many defendants in one complaint. He was advised to file a second amended complaint with a just a few related claims similar to his original complaint. He was also provided an additional blank civil rights form to file new actions regarding the other claims. Plaintiff failed to file a second amended complaint or otherwise communicate with the Court, so the action was dismissed.

Federal Rule Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" *Id*.

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*. at 607.

Plaintiff cannot proceed with one complaint containing so many unrelated claims against

2

25 different defendants. Because plaintiff's action has no arguable basis in fact or law his in forma pauperis status is **REVOKED**. The Clerk shall forward this Order to the Ninth Circuit in case No. 18-16370.

**IT IS SO ORDERED.**

Dated: July 31, 2018

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWEL E. DYER,<br>　　　　Plaintiff,<br>　　v.<br>TIMOTHY PEARCE, et al.,<br>　　　　Defendants. | Case No. 17-cv-02640-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jewel E. Dyer ID: A#20559
M.C.S.O. Corrections Division
951 Low Gap Rd.
Ukiah, CA 95482

Dated: July 31, 2018

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By: /s/ Lisa R. Clark
　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO

4